IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GWENDOLYN MERCER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. 5:10-CV-324 (CAR) |
| PERDUE FARMS, INC., : | |
| : | |
| Defendant. : | |
| _____ : | |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the Court is Defendant's Motion for Reconsideration [Doc. 35] of the Court's Order denying, in part, Defendant's motion for summary judgment on Plaintiff's Title VII race discrimination claim. [Doc. 34]. Therein, the court found, in part, that Plaintiff had presented a convincing mosaic of circumstantial evidence that led to an inference of intentional discrimination by Defendant. In the instant Motion, Defendant requests that this Court reconsider its findings which led to the inference of discrimination. Plaintiff has filed a Response as to the merits of Defendant's Motion, and the Motion is now ripe for consideration. [Doc. 39].

1

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "it is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." <u>Krstic v. Princess Cruise Lines, Ltd. (Corp.)</u>, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010). Accordingly, Courts grant these motions in three limited circumstances: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice. <u>Id.</u>; <u>see</u> Fed. R. Civ. P. 59(e). Most importantly, "[a] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." <u>Pennamon v. United Bank</u>, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quotation omitted).

After reviewing Defendant's Motion and all the materials cited therein, it is obvious to the Court that had counsel for Defendant submitted this information in its initial motion, summary judgment would have been granted in its entirety.[1] It is as equally obvious that this material was available to Defendant at the time of filing its initial motion and that this information is neither a change in controlling law nor

---

[1] In its Order, the Court not only acknowledged those areas in Defendant's filings that were deficient but considered the issues based on the parties' arguments and nevertheless made a ruling. [Doc. 34, pp. 14, 17].

information that would otherwise qualify this Court to reconsider its Order. Consequently, Defendant has failed to satisfy the requirements of Local Rule 7.6 and Federal Rule of Civil Procedure 59(e).  Accordingly, Defendant's Motion for Reconsideration [Doc. 35] is **DENIED**.

**SO ORDERED,** this 20th day of April, 2012.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH